Harrington, Ch.,

announced the decision of the Court.
The bequest in this case was a gift of the residue to the grandchildren (children of the five daughters mentioned),' divisible at the death of the testator, and payable, for convenience of administration, one year after, under the statute, if the testator had not enlarged the time of payment. It was therefore vested at the testator’s death in the children of these five daughters who were then in being. Debitum then; solvendum by the law of administration one year after. But by the testator’s directions, when these grandchildren should arrive at lawful age. The words of the will are: “ And all the rest of my estate, after my just debts are paid, to be equally divided amongst all my grandchildren of my five daughters, &c., the money to be paid by my executors when they arrive at lawful age;” and the language imports a present distribution and vesting of the residue at the death of the testator among the grandchildren then in esse, the money to be paid in futuro ; that is to- say, on their arrival at lawful age. But the time of payment when postponed, as in this case, does not change or divest the rights of the distributees or legatees, which were ascertained and fixed at the period of the distribution of the residue among them; and which must, of course, exclude any grandchildren born after that period. This distinction is fully sustained and recognized by what is said by the Court in the cases of Andrews v. Partington, 3 Bro. Ch. Ca. 401; Hughes v. Hughes, Ibid. 352, 434; Burrington v. Tristram, 6 Ves. Jun’r, 344; Walker v. Shore, 15 Ves. Jun’r, 123; Hale v. Hale, cited in Ellison v. Airey, 11 Ves. 112; Horsley v. Chaloner, 2 Ves. 83; Singleton v. Gilbert, 1 Cox, *569 67; Hill v. Chapman, 1 Ves. Jun’r, 405; Davidson v. Dallas, 14 Ves. Jun’r, 576; Kevern v. Williams, 7 Eng. Ch. R. 375. The rule, however, is different where the period of distribution, or division of the legacy, as well as the time of payment or enjoyment is postponed, by the direction or apparent intention of the testator; or where the fund is given in trust to be distributed, or paid by trustees at a future time among the children; or it is limited over to take effect after a preceding bequest of it to another for years, or for life, or on some future contingency which precludes its taking effect as a present gift to them; in all which* cases the rule of construction is that the after-born children coming into existence in the meanwhile, must be let in to an equal participation in the bequest. In this case, therefore, the plaintiff is not entitled to recover, and this opinion must be certified to the court below.